METHODIST CHAPEL CORPORATION & *al. versus* JEDEDIAH HERRICK & *al.*

Where a corporation brings a bill in equity, and alleges therein that certain acts were done by committees thereof, whereby a resulting trust in certain land, conveyed to a third party, was raised in favor of the corporation, it cannot prove the authority of the committees to act therefor by parol evidence; their power to act can be shown only by its records.

It is sufficiently early to make the objection, that no legal proof of the authority of the committees to act in behalf of the corporation had been shown, at the hearing.

THIS was a bill in equity by The Methodist Chapel Corporation, Sylvanus Rich, jr. and Samuel Larrabee, against Jedediah Herrick and Joshua W. Hathaway. The facts sufficiently appear in the opinion of the Court.

*Robinson*, for the plaintiffs, in support of his argument, which, as well as that in defence, turned mainly on the facts, contended for the correctness of these legal propositions.

Where the consideration for real estate is paid by one person, and the deed is made to another, it is in equity held in trust for him who paid the money. *Buck* v. *Pike*, 2 Fairf. 9.

It is too late to question the existence of the corporation. It should have been pleaded in abatement, or taken in the answer by a direct denial of the fact. 17 Maine R. 34; 3 Fairf. 381.

It is not necessary, as this case stands, that the plaintiffs should have proved the acts of the corporation by the records; as none of these matters are put in issue, not being denied in the answer. And besides, they should have called for the records. We were not entitled to use them in evidence in our own favor, but they could do so. Angel & A. on Corp. 407; 3 B. & Ald. 142; 2 Johns. R. 226; 4 Russ. 222.

It is well settled that a person claiming a trust estate, as a creditor of the trustee, whether by judgment or otherwise, is not to be viewed in the light of a purchaser for value, and that such an estate is not bound by any judgment, or any other claims of creditors against the trustee. Story's Eq. § 977, and authorities there cited.

Payment of the consideration by the *cestui que trust* may be proved by parol, even in contradiction to the recital in the deed to the trustee. 2 Fairf. 9; Story's Eq. § 1201; 4 Kent, 305.

*J. B. Hill,* for Herrick, said, that this defendant insists that the bill and proofs taken, do not make out a case of a resulting trust, nor any other trust, of which the corporation or other parties can avail themselves, or which will authorize, or justify such a decree as they ask for; and he should hold the following propositions to be well established law, and to be entirely inconsistent with the claims of the plaintiff.

1. Courts admit the claim of a resulting trust with great caution, on account of its introducing all the mischiefs intended to be guarded against by the statutes of frauds; and will therefore, require proof of every particular necessary to constitute the trust. 1 Johns. Ch. R. 487 and 590; Sugd. Vend. & Pur. 417.

2. To constitute a resulting trust, there must be proof of the payment of the money or the consideration, by one person, and the deed taken in the name of another. 2 Johns. Ch. R. 409; 4 East, 577; 2 Johns. Ch. R. 412, 414, 415; Sugd. Vend. &. Pur. 418; 5 Johns. Ch. R. 1.

3. The trust must arise at the time of the conveyance; and the money or other consideration must be paid at that time. A subsequent payment will not answer. 2 Paige, 238; 2 Fairf. 9; 2 Johns. R. 414.

4. There can be no resulting trust where there is an agreement, written or parol. 2 Paige, 265; Sugd. Vend. & Pur. 417.

5. It must be an unmixed trust of the title and ownership of the land or estate itself; and not an interest in the proceeds

of the land, or a lien upon it as security for advances. 2 Paige, 238.

6. A resulting trust cannot be raised in favor of a person against the intention of the parties. 2 Paige, 265.

7. The rights of a party under a resulting trust should be seasonably enforced. *Shaver* v. *Radley*, 4 Johns. Ch. R. 310.

8. There is no proof of the existence or organization of the corporation unless by parol testimony, which is inadmissible for that purpose. A corporation can act only by its votes, or by its agents duly chosen and authorized; or by its officers deriving their authority from its by-laws or other corporate acts.

The opinion of the Court was drawn up by

TENNEY J. — The bill alleges, that about Sept. 1835, the Methodist Chapel Corporation was organized for the purpose of purchasing a lot of land, and erecting thereon a house of worship; that they chose a committee to make the purchase, and another to superintend the building and to raise funds, to defray the expenses thereof and to pay for the lot; that a lot was conveyed by Harvey Reed to the corporation, by deed, one half the consideration therefor being paid in money, and the individuals of the committee first named, becoming responsible for the balance, by giving their note payable in one year with interest. The lot purchased was not satisfactory; and the deed, not being recorded, was given up to the grantor, who thereupon gave another to Nathaniel French, one of the committee, the members of that committee, having taken up the note and given therefor a draft indorsed by Wm. B. Reed. It is alleged in the bill, that the consideration for the conveyance was wholly paid by the corporation, whereby a trust resulted to them, and that French received the last deed, with full knowledge of the prior conveyance to the corporation, with the intent to hold it for the corporation; that about the 25th day of June, 1837, French conveyed the same to John S. Ayer, to hold in trust for the corporaton; and afterwards the lot was conveyed by Ayer to Wm. B. Reed, said Rich and

said Larrabee, who in consideration paid the execution which had been recovered against Wm. B. Reed upon the draft before named ; and Wm. B. Reed, Rich and Larrabee, were authorized by the committee of the corporation to sell the lot, and reimburse themselves from the proceeds, if sufficient for that purpose ; if any surplus should remain, it was to be paid to the corporation, who were to make up any deficiency. Wm. B. Reed conveyed by quitclaim deed one undivided third of the lot to said Rich, July 9, 1839 ; Rich conveyed by quitclaim deed, dated Sept. 21, 1839, one undivided half of one third to Samuel Larrabee, and Larrabee conveyed with covenants of warranty, one undivided half of the lot to Joshua W. Hathaway, by deed, dated Sept. 20, 1839. The bill further alleges, that Buck and Kidder, having obtained judgment and execution against Nathaniel French and others, took execution thereon, Nov. 21, 1839, and on the 18th Dec. 1839, assigned the judgment and execution to J. Herrick, the defendant ; and on the same day the execution was levied upon the lot in question as the property of French ; and on the 23d day of December, 1839, Buck and Kidder conveyed the same to Herrick, who now claims to hold it by virtue of the levy, and an attachment upon the original writ, alleged to have been made prior to the deed from French to Ayer ; the bill alleges, that Herrick paid no consideration for the assignment of the judgment, and that the creditors therein, and Herrick, had notice, before the levy, that French held the same in trust for the corporation ; it alleges further that Herrick holds the lot in trust for Rich and Larrabee, who have made advances for the corporation ; and that previous to the bringing of the bill, Herrick was requested to relinquish possession to them, which he refused to do.

The bill contains a prayer, that Herrick be decreed to convey the premises to Rich, Larrabee and Hathaway, or to such as the Court may deem equitably entitled to hold the same.

The answer of Herrick, sets forth the suit of Buck and Kidder against French and others, the attachment of the lot upon

the writ, the assignment of the suit and claim to him, the levy of the execution, issued upon the judgment obtained, and the conveyance of the lot to him by the creditors; that the deed to French was on record, when the attachment was made, that it contained covenants of warranty, and no trust appeared therein, or in any paper on record; that he took the assignment relying on the attachment, and had no knowledge of any claim of trust, of want of title, in French, that he had no notice of the trust alleged, till after the levy, and denies all notice personally to him before the levy, and also denies all knowledge of the purchase made by the corporation, and the several transfers and conveyances set forth in the bill, or of the other negotiations, alleged therein.

The evidence introduced by the plaintiffs, if competent, establishes substantially, the allegations in the bill; and it is unnecessary to indicate, what should be the effect of the facts disclosed, if the Court could with propriety give them consideration. We think much of the testimony is inadmissible as proof. The Methodist Chapel Corporation, is alleged to have been duly organized; all the purchases, negotiations and payments relied upon by the plaintiffs to show a resulting trust for them, were made, as the bill alleges and as the depositions show, by committees of the corporation. Without competent evidence of the authority of these committees to act in behalf of the corporation, the foundation of their suit fails. Being a corporation, they can act only as corporations, and their doings can be shown only by their records, which are presumed to be made and preserved. Parol evidence cannot be admitted. This objection is taken at the hearing, and could not be taken before; consequently, there was no waiver by the defendants of their right to require legal proof.

*Bill dismissed with costs.*